# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT JOSEPH LAYMAN,** | ) |
| Plaintiff, | ) Case No. 7:18CV00184 |
| v. | ) **OPINION** |
| **MEDICAL NEW RIVER VALLEY REGIONAL JAIL,** | ) By: James P. Jones <br> ) United States District Judge |
| Defendant. | ) |

*Robert Joseph Layman, Pro Se Plaintiff.*

Robert Joseph Layman, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging inadequate medical care. I conclude that the action must be summarily dismissed as legally frivolous.

Laymon's claim states that as of April 2018, he had "not been seen" for an unspecified medical issue that "goes back several months" to September 2017. Compl. 2, ECF No. 1. As relief, Laymon seeks "other medical damage." *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A "frivolous" claim is one that "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The only entity that Layman names as a defendant to his § 1983 claims is "Medical New River Valley Regional Jail." Compl. 1, ECF No. 1. Neither the jail nor its medical department, however, is a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992).

Because Layman's complaint presents no legal basis for a claim actionable under § 1983 against the only defendant(s) he has named, the court will summarily dismiss this action without prejudice under § 1997e(c)(1) as frivolous.[1]

---

[1] Moreover, Layman's submissions as a whole strongly suggest that he has no actionable § 1983 claim against anyone at the jail. "A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Grievances attached to the Complaint indicate that Layman sought treatment for "central nerve damage," that he had been to the jail's medical department several times, and that arranging for him to see a specialist had been complicated by the fact that certain local hospitals refused him service because of his "violent behavior." Compl. Attach. 5-6, ECF No. 1. On March 1, 2018, a staff member advised Layman in writing: "You have an appointment with a specialist. I can not [sic] inform you of the date for security reasons." *Id.* at 3. Layman signed and dated his Complaint in April 2018. These circumstances simply do not suggest any deliberate indifference to a serious medical need.

A separate Final Order will be entered herewith.

                DATED: June 14, 2018

                /s/ James P. Jones
                United States District Judge